IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY PENISTER**                                                                                    **PLAINTIFF**
**ADC #92828**

V.                              NO. 4:25-cv-00585-BSM-ERE

**AMY STVARTAK,** *et al.*                                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this RD. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this RD. If you do not file objections, you may waive the right to appeal questions of fact.

### II.  Background

*Pro se* plaintiff Terry Penister, an Arkansas Division of Correction inmate formerly detained at the Dub Brassell Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Penister's complaint alleges that, while he was housed at the Detention Center, Dr. Amy Stvartak, Nurse Erica Green, and Nurse Kyla Dillard failed to have a knot underneath his right shoulder examined by an

outside specialist or have an EKG performed. He sues Defendants in their official and individual capacities and seeks monetary and injunctive relief.

Defendants have now filed a motion for summary judgment, brief in support, and statement of facts arguing that Mr. Penister failed to exhaust his administrative remedies before filing this lawsuit. *Docs. 17, 18, 19*. Defendants also filed a supplement to their motion for summary judgment. *Doc. 31*. Mr. Penister has not responded, and the time to do so has passed. *Doc. 22*. The motion is now ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 17*) should be granted.

### III. Discussion

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits.") (citation omitted) (emphasis in original);

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

B.     **Detention Center's Grievance Procedure**

At the time of the incidents giving rise to this lawsuit, the Detention Center had a grievance policy and procedures in place. *Doc. 17-2*. The policy defines a grievance as: "Any written notice of a complaint, request, or problem signed by a detainee and delivered to a jailer." *Id. at 1*. The policy explains the procedures for submitting written grievances on paper and requires that, if a grievance is placed in an envelope, "grievance" must be written on the envelope. *Id*. With regard to appeals, the policy states:

> The grievant may appeal any response or lack of response to the sheriff, who shall respond in writing. Appeals to the sheriff may be delivered in the same manner as above or may be mailed to the sheriff or to a third party for delivery to the sheriff.

*Id. at 2*.

While the grievance policy specifies the manner in which a paper grievance should be submitted and processed, the Detention Center's detainee handbook advises inmates that grievances "will be submitted through the SmartMail Kiosk." *Doc. 31-1 at 12*. The detainee handbook also contains procedures for grievances

3

submitted on the kiosk. *Id*. With regard to appeals, the handbook provides:

> The grievant may appeal any response or lack of response to the administrator, who shall respond in writing. If the grievant does not agree with the decision of the administrator, an appeal should be made to the sheriff. Appeals to the sheriff may be performed in the same manner as above.

*Id. at 11*.

### C. Mr. Penister's Grievance History

Defendants submit the affidavit of Sheriff Hudson, who states that Mr. Penister submitted two electronic grievances regarding the claims raised in this lawsuit. *Doc. 31-1 at 1*. Review of Mr. Penister's grievance records confirms that he submitted only two grievances relevant to his pending claims. *Doc. 31-1 at 15-61*. Although Mr. Penister also submitted related medical request forms,[1] a medical request does not constitute a "grievance" as defined under Detention Center policy.

---

[1] Mr. Penister's medical request forms concerning the the knot underneath his right shoulder include:
- On February 28, 2025, he reported: "bite with knot on back below right shoulder." *Doc. 31-1 at 57*.
- On April 3, 2025, he wrote: "Hello Mrs. Green when are the EKG the doctor ordered going to be in order to find out what's this is that have came up on my back?" *Id. at 56*.
- On April 13, 2025, he wrote: "[N]eed to see doctor about issues i thought was addressed." *Id. at 54*.
- On May 19, 2025, he wrote: "This knot on my back is twice the size it was when I was seen by the doctor." *Id. at 45*.
- On May 27, 2025, he wrote: "[T]he doctor said she was sending me out about it for the second time and it,s been weeks since last seen." Id. at 41.
- On June 18, 2025, he wrote: "This is the 3rd time on this matter this knot are continuing to grow bigger as I advise you,ll previously." *Id. at 36*.

*Doc. 17-2 at 1*.

In an April 5, 2025 electronic grievance, Mr. Penister stated, "the doctor ordered i be sent out for a ekg but im being deprived that which is denying me medical treatment and disreguarding doctor orders [sic]." *Doc. 31-1 at 13*. The grievance does not indicate that Detention Center staff ever responded to this grievance.

In addition, on May 28, 2025, Mr. Penister submitted an electronic grievance stating, "I,ve seen the doctor numerous times about this issue and have been told everyone I would be sent to determine what it is and address it but nothing has happened from 2/28/25 til today 5/29/25 except gotten bigger." *Id. at 40*. Detention Center staff responded by stating, "[p]lease address this to the medical staff." *Id*.

Nothing in the record reflects that Mr. Penister appealed any grievance response or lack of response to these grievances. Because Mr. Penister did not appeal his grievances, he did not fully exhaust his claims under the applicable policy.

In addition, on his complaint form, Mr. Penister concedes that he did not fully exhaust his administrative remedies regarding the claims raised in this lawsuit. Mr. Penister explains that he did not complete the grievance process because "the grievance lady Mrs. Brawley returned the grievance stating write medical."[2] *Doc. 2 at 4*.

---

[2] Mr. Penister does *not* contend that the Detention Center grievance procedure was unavailable to him for purposes of the PLRA's exhaustion requirement.

Finally, Mr. Penister did not respond to Defendants' motion. As a result, he did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (affirming summary judgment in defendant's favor and noting plaintiff's burden to meet proof with proof).

On this record, there is no genuine issue of material fact on the threshold question of whether Mr. Penister fully exhausted his administrative remedies in accordance with Detention Center policy before he filed this lawsuit. As a result, Defendants are entitled to judgment as a matter of law.

IV.   **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (*Doc. 17*) be GRANTED.

2.   Mr. Penister's claims be dismissed, without prejudice, for failure to exhaust administrative remedies.

3.   The Clerk of the Court be instructed to close this case.

DATED 20 January 2026.

_____
UNITED STATES MAGISTRATE JUDGE